IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA S. HARSHBARGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3419-SSA-CV-S-WAK |
| | ) | |
| JO ANNE B. BARNHART, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Claimant Linda S. Harshbarger seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. She claims she became disabled beginning on January 15, 2001. The parties' briefs were fully submitted, and on April 19, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Claimant Linda Harshbarger was born in 1966 and obtained a General Education Development (GED) certificate.  She previously worked as a cook, construction worker, packing/shipping clerk, and bartender.  Additionally, she was self-employed for a time in home remodeling.  Harshbarger indicated in April 2003 that she was disabled due to fibromyalgia, Raynaud's syndrome, asthma, a sleep disorder, arthritis, psoriasis, carpal tunnel syndrome, dyslexia, chronic pain and yeast infections.  At the hearing, she testified to additional problems, including headaches.

After considering the evidence of record, the Administrative Law Judge (ALJ) found claimant's carpal tunnel syndrome and headaches were not severe within the meaning of the

Social Security Act because the objective evidence did not show they had more than a minimal impact on her ability to perform basic work activities.  The ALJ found, however, that Harshbarger did have the severe impairments of fibromyalgia, asthma, Raynaud's syndrome, degenerative joint disease of the left shoulder and dyslexia.  She did not find those severe impairments to meet the Listings set forth in Appendix 1, Subpart P, Regulations No. 4, and thus engaged in an analysis to determine claimant's residual functional capacity.

In her decision, the ALJ summarized the evidence in the record in fairly good detail, including claimant's testimony, and stated why she found some of claimant's statements to be inconsistent with her allegations of disability.  Particularly, the ALJ noted claimant did her household chores, shopped, mowed the lawn, walked and played golf on a fairly regularly basis.  Further, claimant continued to work for a number of months after her alleged onset date in a business where she was on her feet all day and lifted heavy weights.

The ALJ then determined claimant had the residual functional capacity to perform the exertional demands of sedentary work with a sit/stand option.  The vocational expert testified that someone with the limitations set forth in the hypothetical could perform work such as a final assembler or table worker, based upon the expert's professional experience.

Harshbarger asserts in this appeal that the ALJ erred in numerous respects, but particularly with the weight given to the opinion of Dr. Cesar and the testimony of the vocational expert.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data.  Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)).  Here, the ALJ noted there was no mental health treatment or mental status examination to support the opinion of Dr. Cesar regarding Harshbarger's mental limitations, and that Dr. Cesar's opinion of her physical limitations was inconsistent with claimant's own reports of her daily activities.

Further, Dr. Cesar's opinion conflicted with those of a medical consultant and a psychologist who had examined claimant.  "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians.  See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995).  The ALJ may reject the

3

conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole. Bentley, 52 F.3d at 786." Pearsall v. Massanari, 274 F3d 1211, 1219 (8th Cir. 2001).

The ALJ also discounted some of claimant's statements with regard to the severity of her pain and limitations. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972, (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

In this case, there is substantial evidence based upon the record as a whole to support the credibility findings of the ALJ. The court notes it is not making a de novo determination and the ALJ's credibility findings are entitled to deference when they are supported by good reasons and substantial evidence. See Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006).

After reviewing the record, the hypothetical given to the vocational expert, the parties' briefs and the points made at oral argument, the court finds that even if an error occurred with regard to the testimony of the vocational expert, the error was not prejudicial. The expert testified there was no conflict with the Dictionary of Occupational Titles (DOT), and that her opinion, generally based upon the DOT, was also based upon her professional experience, which included job or site surveys, employer interviews and possible placements.

This court must sustain the agency's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Piercy v. Bowen, 835 F.2d 190 (8th Cir. 1987). "Where there are inconsistencies in the evidence as a whole, the [Commissioner] may discount subjective complaints." Stephens v. Shalala, 46 F.3d 37, 39 (8th Cir. 1995). After careful consideration of the record, the court finds substantial evidence to support the ALJ's decision to discount Harshbarger's testimony regarding the severity of her pain and limitations. Further, the agency's decision is supported by substantial evidence on the record.

For these reasons and those set forth in more detail in the Commissioner's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is affirmed and this case dismissed.

Dated this 10th day of May, 2006, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge

5

Case 6:05-cv-03419-WAK   Document 12   Filed 05/10/06   Page 5 of 5